UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM PRAILEAU, d.b.a. WITHOUT PREJUDICE; KINGDOM OF PRIESTS, <br><br>                   Plaintiffs,<br><br>-against-<br><br>THE UNTIED STATES; INTERNAL REVENUE SERVICE; NEW YORK STATE UNIFIED COURT SYSTEM; NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION,<br><br>                   Defendants. | 22-CV-8866 (LTS)<br><br>ORDER DIRECTING PAYMENT OF FEES AND ORIGINAL SIGNATURE |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff William Praileau brings this action *pro se*.[1] To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

      Plaintiff submitted only $400.00 in fees.[2] Within 30 days of the date of this order, Plaintiff must pay the remaining $2.00 in fees by sending a $2.00 certified check or money order

---

[1] The complaint is purported to be brought by two plaintiffs: "William Praileau d.b.a Without Prejudice" and "Kingdom of Priests." Corporations, nonprofit organization, and other artificial entities cannot proceed *pro se*. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (noting that "lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney") (citations omitted); *see also Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (noting that "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*"). Because artificial entities cannot proceed *pro se* and because the complaint appears to have been filed by Praileau, an individual who has filed similar action in other courts, the Court construes the complaint as being filed only by Praileau.

[2] Plaintiff also filed an IFP application along with the complaint. Because Plaintiff has

to: United States District Court for the Southern District of New York, Attn: Cashier, 500 Pearl Street, Room 260, New York, NY 10007. Alternatively, payment may be made in person by credit card or cash. The Court directs the Cashier's Unit to hold Plaintiff's $400.00 check for 30 days from the date of this order.

Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001). Plaintiff signed the complaint, "Without Prejudice," which appears to be the name under which he does business. To comply with Rule 11(a), Plaintiff is directed to complete, sign in his own name, and submit the attached declaration to the court within 30 days of the date of this order.

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, then: (1) the $400.00 check that Plaintiff submitted will be returned to him, and (2) the complaint will be dismissed without prejudice to Plaintiff's refiling the complaint, together with the proper fees or IFP application and an original signature.

## CONCLUSION

The Court directs Plaintiff, within 30 days of the date of this order, to pay the remaining $2.00 in fees by one of the acceptable payment methods described above.

The Court also directs the Cashier's Unit to hold Plaintiff's $400.00 check for 30 days from the date of this order.

---

also paid the fees, the Court assumes he is no longer seeking IFP status.

The Court further directs Plaintiff to complete, sign in his own name, and submit the attached declaration to the court within 30 days of the date of this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 21, 2022
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge